JACKSON, et al. *v.* CAFFEY, et ux.

No. 39513 March 7, 1955 78 So. 2d 361

*W. W. Simmons,* Cleveland, for appellants.

*Frank O. Wynne, Jr.*, Cleveland, for appellees.

HALL, J.

About September 15, 1952, appellants and appellees entered into an oral agreement whereby appellants agreed to furnish all materials and labor and construct a porch on the home of appellees, with concrete floor, roof overhead, and screened, for a consideration of $1,047.00. The work was completed about the latter part of December, 1952, and in January, 1953, appellees paid appellants $460.00 on the contract price. Having failed to pay anything further, the appellees were sued by appellants in November, 1953, under Section 360, Code of 1942, for an alleged balance of $587.00 and interest. The declaration is based upon the contract, but in addition there was attached thereto a sworn itemized statement of the materials that went into the job and the amount paid for labor. Appellees by their answer admitted the contract, but averred that in accordance therewith the concrete floor was to be reinforced, and that the floor was laid without any reinforcement and has already cracked; it was also averred in the answer that the porch ceiling had buckled, which from the proof it appears was due to a leak in the roof; and appellees denied that they owe anything further until the contract is substantially complied with. Trial was had on the issues thus made and the jury found in favor of appellees and from judgment thereon this appeal is prosecuted.

Appellants first contend that they were entitled to a peremptory instruction because no damages for breach of the contract or by way of recoupment were alleged in the answer or proved in dollars and cents at the trial. ■■ ■ In Standard Mill Work & Supply Co. v. Mississippi Steel & Iron Co., 205 Miss. 96, 38 So. 2d 448, we had occasion to deal with the question of substantial performance in a builder's contract and there pointed out that substantial performance will support a recovery either on the contract or on a quantum meruit basis provided the contractor has acted in good faith and has not carelessly or intentionally failed to perform the contract; ■■ ■ that substantial performance is not literal, full or exact performance in every slight or unimportant detail, but performance of all important particulars; and that substantial performance exists where the building or structure as a whole is not impaired, where it can be used for its intended purpose after erection, where the defects can be remedied without any great expenditure and without material damage to other parts of the structure and may without injustice be compensated for by deductions from the contract price. To the same effect is Hardin v. Beaman, 49 So. 2d 732, not reported in the State Reports. ■■ ■ The proof showed that in order to now put reinforcement in the concrete floor it would be necessary to tear out and rebuild the entire floor. ■■ ■ In such a situation it was not necessary for appellees to file a counter-claim or recoupment. ■■ ■ It is admitted by both parties that the matter of reinforcement was discussed before the contract was finally consummated, but it is denied by appellants that the contract agreement included reinforcement, while the proof for appellees was to the effect that it was a part of the agreement. Under these circumstances the question was one for decision by a jury and we think there was no error in refusing the requested peremptory instruction.

██ ██ Error is also claimed in the refusal of an instruction to the effect that the jury cannot base a verdict upon conjecture and cannot calculate damages for any defects in the porch without proof of the same. We think this instruction was properly refused for the reason that the appellees did not defend with a claim for damage, but defended on the ground that there had been no substantial compliance with the contract. In such a situation it was not necessary to prove what it would cost to tear out the floor and pour a new one with reinforcement in it. ██ We think the verdict was supported by the evidence and that the law of the case was properly stated in the instructions given.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.